IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

———————————————

ALBUQUERQUE BERNALILLO
COUNTY WATER UTILITY
AUTHORITY,

       Plaintiff,

vs.                                                                      No.   CIV 06 - 0754 BB/ACT

CALMAT COMPANY, a division of
Vulcan Materials Company, an Alabama
corporation,

       Defendant.

## MEMORANDUM OPINION
## AND
## ORDER GRANTING PLAINTIFF'S MOTION TO AMEND

THIS MATTER comes before the Court upon Plaintiff's Motion to Amend Complaint, filed November 22, 2006 (Doc. 20). After consideration of the parties' briefs and the applicable law, Plaintiff's motion is well-taken and will be Granted.

### Background

This case was removed from the Second Judicial District Court in Bernalillo County, New Mexico on the basis of diversity jurisdiction. Plaintiff asserts claims for trespass, nuisance, breach of contract and negligence, as well as injunctive relief, against Defendant CalMat Company ("CalMat") in connection with certain real property in Albuquerque, New Mexico. Plaintiff ("the Water Authority") contends that CalMat has improperly deposited substantial amounts of asphalt and concrete rubble, pipe material, and other trash and debris

on the surface and underneath the surface of Plaintiff's property, and continues to cause damage to that property.  CalMat denies Plaintiff's allegations and has filed a counterclaim against Plaintiff, alleging unlawful taking and breach of contract.

Plaintiff now seeks to amend the complaint with three purposes: to add as a party to the lawsuit Vulcan Materials Company ("Vulcan"), the parent corporation of CalMat; to allege a piercing the corporate veil theory of liability against Vulcan; and to clarify certain allegations of the complaint.  CalMat does not appear to object to Plaintiff's amending the complaint to clarify certain allegations in the complaint, and therefore the motion will be granted as to these amendments.   CalMat opposes the motion on the basis that it is futile because Plaintiff cannot establish the elements necessary to pierce the corporate veil.

Discussion

Under Rule 15 of the Federal Rules of Civil Procedure, requests for leave to amend pleadings should be liberally granted.  <u>Calderon v. Kansas Dept. of Soc. & Rehab. Serv.</u>, 181 F.3d 1180 (10th Cir. 1999).  However, such requests may be denied when the amendment is untimely or when the amendment would be futile.  <u>Bauchman v. West High School</u>, 132 F.3d 542, 559 (10th Cir. 1997).  A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.  <u>Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Services, Inc.</u>, 175 F.3d 848, 859 (10th Cir. 1999).

CalMat's approach is to argue at length on the merits of the claim, contending that the Water Authority will not be able to provide sufficient evidence to withstand summary judgment on its effort to pierce the corporate veil.  CalMat also argues the merits of whether

2

Plaintiff's claim for a remedy against Vulcan is a breach of the Lease Agreement (Def.'s Ex. C).

It is not appropriate for the Court to conduct any analysis of the evidence on this theory of Plaintiff's case at this stage of the proceedings.  Defendant's summary judgment approach is not appropriate this early in the litigation. Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110-11 (2d Cir. 2001) (where defendant moved for summary judgment, and the plaintiff cross-moved to amend its complaint; the court held that "[u]nder these circumstances, the district court correctly applied the summary judgment standard . . . to determine whether granting [plaintiff] leave to amend his complaint would be futile").  The Water Authority needs only to demonstrate colorable grounds for relief at this point, not win the case.  See Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774 (2d Cir. 1984) ("If the plaintiff has at least colorable grounds for relief, justice does so require unless the plaintiff is guilty of undue delay or bad faith or unless permission to amend would unduly prejudice the opposing party") (citing S.S. Silberblatt, Inc. v. East Harlem Pilot Block, 608 F.2d 28, 42 (2d Cir.1979)).

In the proposed Amended Complaint, Plaintiff makes assertions which track the elements of the corporate veil theory which it now seeks to add.  Plaintiff alleges, *inter alia*, that CalMat functioned under the domination and control, and for the purposes of its parent corporation, Vulcan Materials Company ("Vulcan"); that CalMat Co. was operated as the "alter ego" of Vulcan; and that CalMat was in actuality an instrumentality of Vulcan.  The proposed amendments also make reference to facts concerning Vulcan's ownership of the property at issue.  See, Pl.'s Ex. A, ¶¶ 87-96.  This is sufficient to allow the amendment.

3

Parsley v. Kunja Knitting Mills, USA, Inc., 1991 WL 340565 (D.S.C.); Otto v. Sterling Elecs. Corp., 1973 WL 176 (S.D. Tex.).

Allowing Plaintiff to amend the complaint to add Vulcan as a party, and assert a claim piercing the corporate veil against Vulcan, does not prejudice CalMat.  The amendments seek to assert a claim against a non-party -- which, incidentally, CalMat is vigorously contending is an independent corporation.  See, U.S. ex rel. Precision Co. v. Koch Industries, Inc., 31 F.3d 1015, 1018-19 (10th Cir. 1994) (the purpose of Rule 15 is to facilitate a proper decision on the merits, and that purpose is not furthered "by denying the addition of a party who has a close identity of interest with the old party when the added party will not be prejudiced").

Now, therefore,

IT IS ORDERED Plaintiff's Motion to Amend Complaint is hereby GRANTED for reasons set forth in this Memorandum Opinion and Order.

BRUCE D. BLACK
United States District Judge