IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

---

**ALBUQUERQUE BERNALILLO**
**COUNTY WATER UTILITY**
**AUTHORITY**,

   Plaintiff/Counterdefendant,

v.

                     No.06-CV-00754-BB

**CALMAT CO.,** a division of Vulcan Materials
Company, and **VULCAN MATERIALS CO.,**

   Defendants/Counterclaimants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff's Second Motion to Amend the Complaint [Doc. 131]. The Court having considered the motion, response, reply, and relevant law, and being otherwise fully informed, finds that the motion will be conditionally GRANTED.

**I. Background**

In its First Amended Complaint, Plaintiff Albuquerque Bernalillo Water Utility Authority stated claims for trespass, nuisance, breach of contract and negligence, as well as injunctive relief. These claims were based primarily on Defendants' disposal of silt and waste debris, as well as the creation of silt ponds on land leased to Defendants. In the present motion Plaintiff wishes to add causes of action related to alleged improper mining activity by Defendants on the leased premises. Plaintiff additionally seeks to make some minor amendments to its existing causes of action to conform to evidence that has been developed in discovery. Defendants oppose the motion in its entirety, arguing that Plaintiff has exercised undue delay in amending

the complaint and that Defendants will be prejudiced by the need for reopening discovery on the new issues.

## II. Analysis

Under the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  Generally, granting leave to amend is encouraged unless there is some apparent or declared reason not to grant leave to amend such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).[1]

   *A. Plaintiff's Improper Mining Claims*

Plaintiff seeks to add completely new claims to its complaint based on alleged improper mining by Defendants. Defendants argue that Plaintiff has exercised undue delay in adding these

---

[1] Defendants suggest that Plaintiff must make a showing of good cause under Fed. R. Civ. P. 16(b), in addition to meeting the Fed. R. Civ. P. 15(a) requirements, in order to file the late amendment to its claim, citing a recent decision in the District of New Mexico to support this contention. [Defendants' Response at 2]; *Trujillo v. Board of Educ. of Albuquerque Public Schools*, No. 02-1146, 2007 WL 2296955, at *5 (D.N.M. June 5, 2007) (applying the Rule 16(b) good cause standard to plaintiff's request for leave to amend).  The Tenth Circuit has expressly declined to apply the Rule 16(b) "good cause" standard to the analysis of whether a court should grant leave to amend, however. *See Minter*, 451 F.3d at 1205 n.4 (noting that the "undue delay" standard already applied in Rule 15(a) was roughly similar to the "good cause" analysis under Rule 16(b) and thus applying the "good cause" standard would not change the outcome of the case).   As the Court is not bound by the decision in *Trujillo*, it seems fair to say that the standard clearly laid out in the abovementioned jurisprudence is the standard that should apply and Plaintiff has no duty to make an additional showing of "good cause."

new claims to its complaint. The Tenth Circuit has noted that lateness alone does not justify denying leave to amend. *Minter*, 451 F.3d at 1205. Rather, the Tenth Circuit has found denial of leave to amend appropriate where "the party filing the motion has no adequate explanation for the delay." *Frank v. U.S. West*, 3 F.3d 1357, 1365-66 (10th Cir.1993). Defendants additionally argue that this undue delay will prejudice them, in that Defendants will have to conduct a full investigation and new discovery for these new claims, and that investigation will be difficult given the length of time elapsed since the incidents in question. When determining whether allowing an amendment will unduly prejudice the defendant, the Tenth Circuit has noted that courts typically find prejudice where allowing the amendment "unfairly affects the defendants in terms of preparing their defense to the amendment." *Minter*, 451 F.3d at 1208 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir.1971)).

     Plaintiff admits in its proposed amended complaint that it was aware in 2004 that Defendants had been mining in areas where they had no right to mine. [Plaintiff's Proposed Amended Complaint at ¶28]. Plaintiff filed its original complaint in state court on or around July, 2006. Thus Plaintiff was aware prior to filing its original complaint of the facts underlying the claims it now seeks to add to its complaint. Plaintiff has already been granted one leave to amend but still did not add these claims. The Court now faces a situation in which Plaintiff seeks to add entirely new causes of action, which it admits will require new discovery and additional time, approximately four years after Plaintiff became aware of the facts underlying the claims. Plaintiff explains the delay by asserting that it was not until it had the opportunity to depose Leroy Halterman, a fact and expert witness for Defendants, in November, 2007, that it was able to "confirm it had viable claims" regarding the mining issue. [Plaintiff's Motion to Amend at 7].

The deposition of Mr. Halterman provided by Plaintiff shows that Mr. Halterman gave Plaintiff evidence that the 70 acres of property where mining was allowed under the lease were on the eastern and not western half of the property owned by Plaintiff, a fact Plaintiff already knew. [Plaintiff's Motion to Amend at 2-3]. Thus Plaintiff's argument, most precisely, is that Plaintiff could have brought these claims previously but needed to depose Mr. Halterman to confirm that the claims were viable. [Plaintiff's Reply at 3].

Thus there is no doubt that Plaintiff waited an inordinate amount of time before asserting its new claims regarding mining outside the leased areas.[2] In such a situation, rather than deny leave to amend, it is within the Court's power to issue a conditional order which would transfer any burden from Defendants to Plaintiff, by requiring Plaintiff to absorb any costs arising from duplicated discovery and successful motions. Such an order will mitigate Defendants' chief arguments regarding prejudice, namely the necessity of reopening discovery and conducting a full investigation of these claims.[3] Given Plaintiff's almost four year delay in asserting these claims, and the fact that Plaintiff was aware of the claims prior to bringing both its original and first amended complaint, the Court will enter such an order. The Court will require Plaintiff to pay the full costs of any additional discovery necessitated by the proposed improper mining amendments, but permitting Plaintiff to challenge the necessity of such discovery before the

---

[2] Defendants have briefly noted the potential that given the four year delay, several of Plaintiff's claims may be barred by the appropriate statute of limitations. As this is a significant issue, and one that was only briefly touched on in Defendants' Response, and not addressed by Plaintiff, the Court can make no comment on this issue at this time.

[3] Defendants additionally note the potential that any additional discovery may cause delay. The Court notes, however, that the parties have jointly requested a trial date in September or October, thus any additional discovery will likely not significantly delay trial.

Magistrate Judge. In the event Plaintiff's claims prove to be barred by the statute of limitations, the costs of motions challenging the new claims on statute of limitations grounds will also be assessed against Plaintiff.

### *B. Plaintiff's Minor Amendments to Conform*

Plaintiff also seeks to make three minor changes to the complaint to conform to the evidence developed in the case. These changes include (1) changing the date that the parties entered into the Purchase and Sale Agreement and the Lease Agreement from October 25, 2001, to the actual date they were signed, December 20, 2001; (2) correcting the number of parcels that were leased/licensed from six to five; and (3) changing references to silt to "silt and related residue." Defendants contest these changes as well, arguing that amendments to conform to the evidence apply only during and after trial, and that these amendments are unnecessary or untimely.

As noted previously, the Tenth Circuit has found that granting leave to amend is proper unless there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Minter*, 451 F.3d at 1204. None of the abovementioned scenarios apply to these minor amendments, and Defendants do not appear to argue that they are present. Thus the Court finds that these amendments are proper and grants Plaintiff's motion to make these amendments.

### **ORDER**

A Memorandum Opinion having been entered this date, it is hereby ORDERED that the Plaintiff's Second Motion to Amend the Complaint [Doc. 131] is GRANTED, recognizing that

Plaintiff will pay Defendants the cost of all legitimate discovery necessary to address the new claims regarding improper mining, with assessment of attorneys fees to await the outcome of future proceedings.

Dated this 9th day of April, 2008.

                                                BRUCE D. BLACK
                                                UNITED STATES DISTRICT JUDGE